## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JULIE M. SPEAR**, | Case No. 3:18-cv-280-JE |
| Plaintiff, | **ORDER** |
| v. | |
| **BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; GMAC MORTGAGE, LLC; CENLAR FSB; and OCWEN LOAN SERVICING, LLC**, | |
| Defendants. | |

Abraham J. Barnett and Christene D. Cencer, THE BARNETT FIRM, LLC, 11501 SW Pacific Hwy., Suite 201, Portland, OR 97223. Of Attorneys for Plaintiff.

James P. Laurick, KILMER, VOORHEES & LAURICK, PC, 732 NW 19th Avenue, Portland, OR 97209. Of Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.

Michael J. Farrell, MB LAW GROUP, LLP, 117 SW Taylor Street, Suite 200, Portland, OR 97204; Charles T. Meyer, SEVERSON & WERSON, The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612. Of Attorneys for Defendant Cenlar Bank, FSB.

Jasmine C. Hites, TROUTMAN SANDERS LLP, 100 SW Main Street, Suite 1000, Portland, OR 97204; Ethan G. Ostroff, TROUTMAN SANDERS LLP, 222 Central Park Avenue, Suite 2000, Virginia Beach, VA 23462. Of Attorneys for Defendants Ocwen Loan Servicing, LLC and GMAC Mortgage, LLC.[1]

---

[1] Defendant GMAC Mortgage, LLC has filed a Notice of Bankruptcy and Effect of Automatic Stay. ECF 11.

**Michael H. Simon, District Judge.**

Plaintiff Julie M. Spear ("Plaintiff" "Spear") asserts three substantive claims for relief against all Defendants. Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and common law defamation. Plaintiff seeks money damages, declaratory relief, preliminary and permanent injunctive relief, and attorney's fees. Pending before the Court is Plaintiff's motion for a temporary restraining order ("TRO") against Defendants Bank of America Corporation ("BAC"), Bank of America, NA ("BANA"), and Cenlar FSB ("Cenlar"). ECF 5. Plaintiff seeks a TRO to restrain Defendants BAC, BANA, and Cenlar from reporting to credit bureaus and any other consumer reporting agencies any matter concerning Plaintiff until a hearing on Plaintiff's motion for preliminary injunction can be heard. Plaintiff also seeks a similar preliminary injunction against these three Defendants during the pendency of this action. *Id*. Plaintiff does not seek a TRO against Defendants Ocwen Loan Servicing, LLC ("Ocwen") or GMAC Mortgage, LLC ("GMAC"). ECF 12. Also before the Court is Plaintiff's Motion for Expedited Hearing and Related Discovery. ECF 13. In response to Plaintiff's motions, Defendant BAC states that it is improperly named in this lawsuit, and Defendant BANA takes no position on the pending motion for TRO. ECF 20. Defendants BAC and BANA oppose Plaintiff's motion for expedited discovery. ECF 22. Defendant Ocwen takes no position on Plaintiff's motion for TRO. ECF 17. Defendant Cenlar opposes Plaintiff's motion for TRO. ECF 21. The Court held a hearing on February 22, 2018. For the following reasons, the Court grants Plaintiff's motions.

## STANDARDS

In deciding whether to grant a motion for a temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary

injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*).

Finally, a TRO is necessarily of a shorter and more limited duration than a preliminary injunction.[2] Thus, the application of the relevant factors may differ, depending on whether the

---

[2] The duration of a temporary restraining order issued without notice may not exceed 14 days but may be extended once for an additional 14 days for good cause; in addition, the reasons for such an extension must be entered in the record. Fed. R. Civ. P. 65(b)(2). When a temporary restraining order is issued with notice and after a hearing, however, the 14-day limit for such orders issued without notice does not apply. *See Horn Abbot Ltd. v. Sarsaparilla Ltd.*, 601 F.

court is considering a TRO or a preliminary injunction.[3] Indeed, the two factors most likely to be affected by whether the motion at issue is for a TRO or a preliminary injunction are the "balancing of the equities among the parties" and "the public interest."

## FINDINGS OF FACT

Based on the evidence presented by the parties thus far, and subject to revision after the hearing on Plaintiff's motion for preliminary injunction, the Court finds the following facts are more likely true than not:

1. On or about December 14, 2004, Plaintiff entered into a line of credit agreement with BAC or BANA, which gave Plaintiff the ability to borrow up to fifty thousand dollars on a line of credit secured by Plaintiff's home. In 2008, Plaintiff entered into separate agreements with BAC, BANA, or other Defendants for the ability to borrow up to an additional thirty thousand on her line of credit. This consolidated line of credit has since been transferred to Cenlar, at least for purposes of loan servicing.

2. Plaintiff has never borrowed any money on her line of credit with any of the Defendants.

3. Plaintiff has timely made all monthly payments demanded on her line of credit through the end of 2017.

---

Supp. 360, 368 n.12 (N.D. Ill. 1984). Nevertheless, absent consent of the parties, "[a] court may not extend a 'TRO' indefinitely, even upon notice and a hearing." *Id*. Accordingly, unless the parties agree otherwise, a court should schedule a preliminary injunction hearing to occur not later than 28 days after the date that the court first issues a temporary restraining order.

[3] A preliminary injunction also is of limited duration because it may not extend beyond the life of the lawsuit. That is the role of a permanent injunction, which a court may enter as part of a final judgment, when appropriate. A preliminary injunction, however, may last for months, if not years, while the lawsuit progresses toward its conclusion.

4. In October 2017, Defendant Cenlar demanded a principal payment of the line of credit not later than February 19, 2018. Plaintiff is unable to make that payment.

5. On February 12, 2018, Plaintiff, through counsel, requested that Defendant Cenlar agree to refrain from making any adverse credit report regarding Plaintiff to any credit bureau and other consumer reporting agency while this litigation is pending. On February 14, 2018, Defendant Cenlar denied Plaintiff's request. On February 20, 2018, Plaintiff filed her motion for TRO.

## CONCLUSIONS OF LAW

1. Plaintiff's claims raise serious questions going to the merits.

2. Plaintiff is likely to suffer irreparable harm in the form of damage to her reputation, denial of credit, or unfavorable credit terms in the absence of preliminary relief.

3. The balance of hardships tips sharply toward Plaintiff because Defendants are unlikely to suffer any discernible harm whatsoever as a result of the issuance of the requested temporary injunctive relief.

4. The public interest factor is neutral and does not weight against the requested temporary relief.

## TEMPORARY RESTRAINING ORDER

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order is **GRANTED** as follows:

1. Until this Court orders otherwise and except as otherwise expressly permitted by this Temporary Restraining Order, for the next 28 days,[4] or until such time as the parties agree in writing to terminate, amend, or supersede this TRO, Defendants BAC, BANA, and Cenlar, as

---

[4] *See supra* n.1. The Court has scheduled the preliminary injunction hearing in this matter to occur 28 days from the date of this Order.

well as their agents, employees, and assignees, may not report to any credit bureau or any other consumer reporting agency any matter concerning Plaintiff.

2. The requirement of a surety bond is waived.

3. Plaintiff's Motion for Expedited Hearing and Related Discovery (ECF 13) is granted. Further, all parties may engage in expedited discovery, within the scope of Rule 26 of the Federal Rules of Civil Procedure, in a timeframe that allows for the timely exchange of documents, responses to discovery requests and requests for admission not later than 21 days after a request is propounded and for the taking of depositions before the date of the preliminary injunction hearing scheduled below.

4. Defendants BAC, BANA, and Cenlar shall appear on March 22, 2018, in Courtroom 15B of the United States District Courthouse, 1000 SW Third Avenue, Portland, Oregon, at 3:00 p.m. to show cause, if any, why a preliminary injunction should not issue continuing the foregoing injunctive relief or other equitable relief as ordered by the Court.

## CONCLUSION

Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue (ECF 5) and Plaintiff's Motion for Expedited Hearing and Related Discovery (ECF 13) are both GRANTED.

**IT IS SO ORDERED**.

DATED this 22nd day of February, 2018 at 5:00 p.m.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge